IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JORDAN HALLIDAY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL AND MOOTING MOTION TO POSTPONE SELF-SURRENDER DATE<br><br>Case No. 2:09-CR-413 TS |

This matter is before the Court on Defendant's Motion for Release Pending Appeal. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

On July 27, 2010, Defendant pleaded guilty to a violation of 18 U.S.C. § 401(3), Contempt of Court. The contempt arose from Defendant's actions in knowingly and wilfully disobeying and resisting a lawful order of the court that he testify before the grand jury. As admitted in his Statement in Advance of Plea, his refusal was without a bona fide privilege

1

or just cause.[1]

During sentencing, the Court determined the applicable sentencing range under the federal sentencing guidelines. Because those guidelines do not specify a sentence range for contempt, the guidelines provided that the Court should use the guideline section for the most applicable crime.[2] The Court found that the most applicable guideline was §2J1.2, the guideline for Obstruction of Justice, rather than § 2J1.5, the guideline for Failure to Appear by a Material Witness.

On November 3, 2010, Jordan Halliday was sentenced to 10 months in custody and 36 months of supervised release.

Defendant has since filed an appeal of his sentence, raising as one of his two issues that the most analogous guideline was that for failure to appear, rather than that for Obstruction of Justice. Defendant also filed the instant Motion seeking to remain released while his appeal is pending. Most recently, defendant filed a Motion to Postpone self-surrender date on the grounds that he has not yet received a designation of reporting location.

## II. DISCUSSION

Defendant makes his Motion pursuant to 18 U.S.C. § 3143(b)(1). That provision states:

Except as provided in paragraph (2), the judicial officer shall order that a

---

[1] Docket No. 37 at 3.

[2] U.S.S.G. § § 2J1.1 (directing application of § 2X5.1) and 2X5.1 (directing application of "the most analogous offense guideline").

person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of imprisonment, or
(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

Because the government disputes only that the appeal raises a substantial legal issue, it tacitly concedes that Defendant is not likely to flee or pose a danger to the safety of any other person or the community, that the appeal is not solely for the purpose of delay, and that, if Defendant is successful on appeal, it would likely result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Probation office has been contacted regarding Defendant's compliance and conduct and finds that he continues to be compliant. The Court finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if he remains on release pending appeal.

The Court also finds that the appeal is not solely for the purpose of delay, and that, if Defendant is successful on appeal, it would likely result in a reduced sentence to a term

3

of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Thus, the only issue before the Court is whether Defendant's appeal raises a substantial question of law.

The Tenth Circuit has defined a substantial question as "one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way."[3] The mere fact that a question has not been decided in this circuit does not create a substantial question where there is "no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits."[4] "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis . . . ."[5]

As discussed at sentencing, there is no case law directly on point as to the most analogous guideline. As explained in the discussion of the case law in *United States v. Voss*,[6] two seemingly similar refusals to testify to the grand jury may warrant application of different analogous guidelines depending on the specific facts found in each case.

The Court found that Defendant was motivated by an intent to impede prosecution despite the fact that two individuals were eventually indicted in connection with one incident. Defendant argues that under case law from other circuits, such as the Eighth

---

[3]*United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (quotation marks and citations omitted).

[4]*Id*. (quotation marks and citations omitted).

[5]*Id*.

[6]82 F.3d 1521,1531 (10th Cir. 1996).

4

Circuit's case *United States v. Allmon*,[7] Defendant must have a specific intent to impede or misdirect a government investigation by prosecuting a particular person or persons is required and that Defendant's expressed reason is more analogous to an abstract desire not to testify.

The Court finds that Defendant raises a substantial question of fact and law on the most analogous guideline.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant Motion for Continued Release Pending Appeal (Docket No. 57) is GRANTED and all of the previously imposed conditions of release shall remain in force.  It is further

ORDERED that Defendant's Motion to Postpone Self-surrender Date (Docket No. 62) is MOOT.

DATED   December 29, 2010.

>                             BY THE COURT:
>
>                             _____
>                             TED STEWART
>                             United States District Judge

---

[7] 594 F.3d 981 (8th Cir. 2008).